NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| COLDWELL BANKER REAL ESTATE, LLC, : : : Plaintiff, : : v. : : PLUMMER & ASSOCIATES, INC., f/d/b/a : Coldwell Banker Plummer & Associates, : Inc., and DARRELL A. PLUMMER, : : Defendants. : | Civil Action No. 09-1313 (SRC)  OPINION |

**CHESLER**, District Judge

      This matter comes before the Court on the motion by Plaintiff/Counterclaim Defendant Coldwell Banker Real Estate LLC ("Plaintiff" or "Coldwell Banker") to dismiss Count II of the Counterclaim asserted by Defendants/Counterclaim Plaintiffs Plummer & Associates, Inc. ("Plummer & Associates") and Darrell A. Plummer (collectively "Defendants").  Defendants have opposed the motion.  The Court has opted to rule on the papers submitted and without oral argument, pursuant to Federal Rule of Civil Procedure 78.  For the reasons expressed below, the Court will grant in part and deny in part the motion to dismiss.

**I.   BACKGROUND**

      This case arises out of the now-terminated franchise relationship between Plaintiff and Defendants.  Plaintiff Coldwell Banker is the franchisor of a real estate brokerage franchise

system. Two franchise agreements entered into by franchisor Coldwell Banker and Defendant franchisee Plummer & Associates are the subject of this lawsuit: a January 1, 2001 agreement for the operation of a Coldwell Banker residential real estate brokerage office on Moana Lane in Reno, Nevada (the "Moana Lane agreement") and a May 1, 2004 agreement for the operation of a Coldwell Banker residential real estate brokerage office on Wedge Parkway in Reno, Nevada (the "Wedge agreement"). Defendant Darrell Plummer executed personal guaranties in favor of Coldwell Banker with respect to both franchise agreements. Though the parties do not agree on the precise date of termination, there is no dispute that the Moana Lane agreement and the Wedge agreement are no longer in effect.

Plaintiff filed the instant lawsuit in this Court on or about March 23, 2009, alleging among other things, that Plummer & Associates has violated the Lanham Act by continuing to use Coldwell Banker trademarks following the termination of the subject franchise agreements. The Complaint also contains various other claims, including breach of contract claims against Plummer & Associates for unauthorized use of the trademarks and for failure to pay certain fees and breach of contract claims against Plummer based on his obligations under the personal guaranties. Defendants filed an Answer and Counterclaim. Their Counterclaim asserts two counts: breach of the Moana Lane and Wedge agreements (Count I) and breach of the implied covenant of good faith and fair dealing (Count II).

Plaintiff brings this motion to dismiss Counterclaim Count II for breach of the implied covenant of good faith and fair dealing pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff also moves for the dismissal of both Counterclaim Counts I and II as to Defendant Darrell Plummer, on the grounds that he has no standing to pursue these claims.

**II.     DISCUSSION**

    **A.     Legal Standard**

The Court must review this motion pursuant to Federal Rule of Civil Procedure 12(b)(6), which provides for dismissal of a claim for failure to state a claim upon which relief may be granted.  Federal Rule of Civil Procedure 8(a) requires that to state a claim for relief, a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  When evaluating the sufficiency of claims subject to the pleading requirements of Rule 8(a), the Court must apply the plausibility standard articulated by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  In Twombly and Iqbal, the Supreme Court stressed that a complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556.)  The cases are also clear about what will not suffice: "threadbare recitals of the elements of a cause of action," an "unadorned, the-defendant-unlawfully-harmed-me accusation" and conclusory statements "devoid of factual enhancement." Id. at 1949-50; Twombly, 550 U.S. at 555-57.  While the complaint need not demonstrate that a defendant is *probably* liable for the wrongdoing, allegations that give rise to the mere *possibility* of unlawful conduct will not do. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 557.  In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the allegations of the complaint, documents attached or specifically referenced

in the complaint if the claims are based upon those documents and matters of public record. Winer Family Trust v. Queen, 503 F.3d 319, 327 (3d Cir. 2007); Sentinel Trust Co. v. Universal Bonding Ins. Co., 316 F.3d 213, 216 (3d Cir. 2003). Clearly, in this case, the rules applicable to the review of complaints apply to the Court's review of Defendants' Counterclaim.

### B. Standing of Defendant Darrell Plummer

Before reviewing the sufficiency of Defendants' claim for breach of the implied covenant of good faith and fair dealing, the Court addresses Plaintiff's argument that Defendant Darrell Plummer lacks standing to bring either this claim or the breach of contract claim asserted in Counterclaim Count I because he was not a party to either the Moana Lane agreement or the Wedge agreement, but rather merely the guarantor of Plummer & Associates' obligations thereunder pursuant to separate guaranties. The Court rejects Plaintiff's argument. While it is the general rule that a guarantor may not assert a cause of action belonging to the principal against the principal's creditor, this case falls within one of the recognized exceptions to the rule. The District of New Jersey has recognized that, generally, "a guarantor, when sued by the principal's creditor pursuant to a guaranty agreement, cannot rely on an independent cause of action existing in favor of the principal against the creditor as a defense or counterclaim." Travelodge Hotels, Inc. v. Elkins Motel Assoc., Inc., No. 03-799 (WHW), 2005 WL 2656676, at *14 (D.N.J. Oct. 18, 2005) (quoting Continental Group, Inc. v. Justice, 536 F.Supp. 658, 661 (D.Del. 1982)). The guarantor may, however, assert the principal's claims in three instances: "(1) the surety has taken an assignment of the claim or the principal has consented to the surety's use of the claim, (2) both principal and surety are joined as defendants, or (3) the principal is insolvent." Continental Group, Inc., 536 F.Supp. at 661. Defendants have argued that two of

these exceptions apply here: Plummer & Associates has consented to Darrell Plummer's assertion of the claim and both principal and guarantor have been joined as defendants in this action by Plaintiff.  Thus, the Court will deny Plaintiff's motion insofar as it seeks dismissal of both the breach of contract and breach of the covenant of good faith counterclaims brought by Defendant Darrell Plummer for lack of standing.

### C. Dismissal of Counterclaim for Breach of Implied Covenant of Good Faith and Fair Dealing For Failure To State a Claim

The Counterclaim for breach of the implied covenant of good faith and fair dealing alleges that Coldwell Banker is liable based on the following conduct:

> a. withholding Performance Premium Awards due to Defendants for 2007 and 2008 in an effort to coerce Defendants to renew the franchise agreements;
>
> b. placing competitive Coldwell Banker franchisees in the same market as Defendants' market;
>
> c. assessing charges and fees to the Moana Lane franchise after Plaintiff received notice that Defendants were closing that office;
>
> d. causing Defendants to incur fees and costs relating to the potential purchase of an additional residential Coldwell Banker franchise office;
>
> e. frustrating Defendants' ability to sell their Coldwell Banker commercial franchise by denying Defendants and/or conditioning the sale on Defendants' renewal of the residential franchises; and
>
> f. committing "other acts" to frustrate Defendants' ability to perform under the franchise agreements.

(Def. Counterclaim, ¶ 7.)  In assessing the viability of Defendants' claim for breach of the implied covenant of good faith based on these alleged acts by Plaintiff, the Court has reviewed the Moana Lane agreement and the Wedge agreement.  The Court has properly considered the

5

franchise agreements at issue on this motion to dismiss as both Plaintiff's claims and Defendants' counterclaims stem from those documents and they have been attached to the Complaint. The Court concludes that none of these alleged acts could plausibly support a claim for breach of the implied covenant of good faith and fair dealing. The reasons for the Court's holding requires a brief statement of the legal contours of the claim.

New Jersey law, which the parties agree governs the subject franchise agreements pursuant to a choice of law provision, holds that every contract contains an implied covenant of good faith and fair dealing in the performance and enforcement of the contract's terms. Wilson v. Amerada Hess Corp., 168 N.J. 236, 244 (2001). The New Jersey Supreme Court has expressed the covenant as having the effect of a commitment that "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." Sons of Thunder, Inc. v. Borden, Inc., 148 N.J. 396, 421 (1997). Thus, though a party may not have breached a contract's express terms, it may be liable under this theory for engaging in conduct that frustrates the other party's receipt of the bargained-for benefit. Brunswick Hills Racquet Club Inc. v. Route 18 Shopping Ctr. Assocs., 182 N.J. 210, 224 (2005). The implied covenant of good faith and fair dealing cannot, however, override a contract's express terms. Wilson, 168 N.J. at 244.

Applying this legal standard, the Court finds that the factual allegations pled in support of Count II of the Couterclaim fail to give rise to a cognizable claim for breach of the implied covenant of good faith and fair dealing. There can be no claim based on the failure to pay performance premium awards, based on the placement of competitive franchises in the same market occupied by Defendants, or based on charging fees to the Moana Lane office after

6

Defendants notified they were closing it (subsections a, b and c of Counterclaim ¶ 7) because these allegations pertain to conduct expressly governed by the franchise agreement.  In other words, the Court must dismiss the claim insofar as it is based on these acts because finding such conduct actionable would permit Defendants to use the implied covenant of good faith and fair dealing to override the franchise agreements' express terms. The franchise agreements provide a clear and explicit trigger for the payment of a performance premium award: Coldwell Banker must pay the award if the franchisee generates a certain level of revenue and meets other specified conditions. (Moana Lane agreement, § 7.3; Wedge agreement, § 7.3.)  Its alleged failure to do so may amount to breach of contract, but imposing any further obligation on Coldwell Banker apart from the triggering criteria and conditions would be at odds with the contract.  The allegation concerning the assessment of fees to the Moana Lane office suffers from the same infirmity.  The express terms of the franchise agreements govern whether and when Defendants are obligated to pay fees.  Whether Coldwell Banker acted inappropriately in assessing fees can be determined only by reference to the contractual terms.  As to the placement of competitive franchises, the franchise agreements expressly reserve to Coldwell Banker "all of [its] rights and discretion . . .  to grant to others the right to operate competing Coldwell Banker real estate offices . . . at such locations within or outside of Franchisee's market area, and on such terms and conditions as [Coldwell Banker] deems appropriate." (Moana Lane agreement, §15.4(a); Wedge agreement, §15.4(a). )  The Court acknowledges that, as argued by Defendants, a party may be liable for breach of the implied covenant of good faith even though it has not violated the express terms of a contract.  Sons of Thunder, Inc., 148 N.J. at 422-23.  While an implied covenant claim is viable in theory, the Court is not persuaded that the inappropriate conduct alleged by the

7

Counterclaim gives rise to a claim here, where the contracts entered into by the parties expressly reserve to Plaintiff the right to do exactly what Defendants complain of and to do it "on such terms and conditions as [Plaintiff] deems appropriate." Defendants cannot transform conduct in which Coldwell Banker is entitled to engage - placement of competitive franchises in the same market as Defendants' in Coldwell Banker's sole discretion - into impermissible and, indeed, actionable conduct by operation of the implied covenant of good faith and fair dealing.

The fourth-listed act (subsection d of Counterclaim ¶ 7) - forcing Defendants to incur fees and costs in connection with the potential purchase of an additional Coldwell Banker office - cannot state a claim for breach of the implied covenant of good faith and fair dealing because it has nothing whatsoever to do with the franchise agreements at issue in this lawsuit. The franchise agreements do not entitle Defendants to obtain an additional franchise from Plaintiff. In other words, the failed deal to acquire another real estate brokerage office does not in any way affect or frustrate the realization of the bargained-for benefit of the franchise agreements.

Likewise, the fifth-listed act (subsection e of Counterclaim ¶ 7), allegedly frustrating Defendants' ability to sell a commercial real estate brokerage office, does not deprive Defendants of the fruits of the Moana Lane agreement and/or the Wedge agreement. Those franchise agreements, which are the only contracts involved in this lawsuit, each concern a residential real estate brokerage office and do not cover some other unspecified Coldwell Banker commercial real estate franchise operated by Defendants. Indeed, insofar as the claim is based on this allegation of wrongdoing, it lacks the factual enhancement the Supreme Court has held Rule 8(a) requires. Defendants complain of interference by Plaintiff with their ability to sell a commercial franchise, but fail to identify a contract covering that franchise as to which the implied covenant

applies and in what way Plaintiff has deprived Defendants of the benefit of that contract.

Finally, Defendants' averment that Plaintiff breached the implied covenant of good faith and fair dealing by engaging in "other acts" with the aim of frustrating Defendants' ability to perform under the franchise agreements amounts to the kind of conclusory and unadorned allegation that Iqbal held will not suffice to state a claim under Rule 8(a).

The Court notes that Plaintiff has also argued that the claim is deficient for failure to allege that any of the conduct identified by the Counterclaim as actionable was fueled by bad faith or ill motive. Bad faith or ill motive is an essential element of a claim for breach of the implied covenant of good faith and fair dealing. Travelodge Hotels, Inc., 2005 WL 2656676, at *5 (citing Seidenberg v. Summit Bank, 348 N.J. Super. 243, 257 (App. Div. 2002)). Warning against overly broad constructions of the covenant of good faith, the New Jersey Supreme Court held that "an allegation of bad faith or unfair dealing should not be permitted to be advanced in the abstract and absent an improper motive." Brunswick Hills Racquet Club, Inc., 182 N.J. at 231. In this case, Defendants argue in their brief in opposition to the motion that Plaintiff's conduct was pursued in bad faith as a result of Defendants' decision not to renew the franchise agreements and instead enter into a franchise relationship with a competitor of Plaintiff's. This improper motive for Plaintiff's conduct is not, however, alleged in the Counterclaim. Indeed, the only reference to ill motive made in Defendants' pleading is the allegation that the performance premium payments were withheld in an effort to coerce Defendants into renewing the residential franchise agreements. For the reasons set forth above, this alleged misconduct fails to support a claim. As to the other instances of misconduct alleged in the Counterclaim, Defendants aver no ill motive whatsoever. Thus, the claim for breach of the implied covenant of good faith and fair

dealing also suffers from this deficiency.

In short, the claim for breach of the implied covenant of good faith and fair dealing fails to state a claim under Rule 8(a), under the standard articulated by Twombly and Iqbal, and must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's motion to dismiss will be granted in part and denied in part. Defendants' counterclaim for breach of the implied covenant of good faith and fair dealing will be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court, however, denies Plaintiff's motion insofar as it seeks dismissal of Defendant Darrell Plummer's Counterclaim Counts I and II for lack of standing. An appropriate form of Order will be filed.

  s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

DATED: October 2, 2009